FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KERRY S.,[1] | No. 1:25-CV-03183-MKD |
| Plaintiff, | ORDER AFFIRMING THE COMMISSIONER'S |
| v. | |
| | **ECF Nos. 11, 13** |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Before the Court are the parties' briefs. ECF Nos. 11, 13. Jeffrey Schwab represents Plaintiff. Special Assistant United States Attorney John Drenning represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court affirms the Commissioner's decision.

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

## JURISDICTION

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on July 5, 2022, later alleging disability as of December 1, 2020.  Tr. 17, 74, 233-48.  The applications were denied initially and upon reconsideration.  Tr. 74-110.  An Administrative Law Judge (ALJ) held a hearing on September 17, 2024, Tr. 37-73, and issued an unfavorable decision on November 27, 2024.  Tr. 14-36.  The Appeals Council denied review on September 11, 2025.  Tr. 1-6.  Plaintiff appealed this final decision on October 21, 2025.  ECF No. 1.  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citations omitted).  "Substantial evidence" means "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation marks and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation marks and citation omitted).  In determining

ORDER - 2

whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* (citation omitted). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation marks and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

ORDER - 3

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

ORDER - 4

416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

ORDER - 5

If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ORDER - 6

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 1, 2020, the amended alleged onset date.  Tr. 19.

At step two, the ALJ found that Plaintiff has the following severe impairments: depression; stimulant use disorder; post-traumatic stress disorder (PTSD); schizophrenia; schizoaffective disorder; attention deficit hyperactivity disorder (ADHD); anxiety disorder; and headaches.  Tr. 19.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 20.

The ALJ then concluded that Plaintiff has the RFC to perform work that:

> does not require exposure to hazards; that occurs in a moderate or quieter noise environment or that routinely allows the worker to wear hearing protection that reduces the noise level to moderate; that allows a break after 2 hours of work; that does not require more than occasional, superficial interaction (such as "good morning" or "here is the item"), although the worker could still receive instruction from supervisors; that does not require more than occasional adaptation to change; and that provides goals to the worker.

Tr. 21.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 28.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform,

ORDER - 7

to include laundry laborer, cleaner II, and dryer attendant. Tr. 28-29. Therefore, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from the amended alleged onset date through the date of the decision. Tr. 29.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him benefits. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence; and

2. Whether the ALJ erred at step five.

ECF No. 11 at 9-15. Although Plaintiff's opening brief also asks whether the ALJ erred at step three and by discounting Plaintiff's testimony, *see id.* at 2, the Court concludes Plaintiff failed to sufficiently raise these issues. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity). Plaintiff did not file a reply brief.

## DISCUSSION

### A. Medical Opinion Evidence

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER - 8

The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

ORDER - 9

*Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

*Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2) (emphases added). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v.*

ORDER - 10

*Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies.  *Id*.  The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records.  *Id.* at 792.  However, the ALJ is not required to make specific findings regarding the relationship factors.  *Id.*  Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent.  *Id.*

Plaintiff argues the ALJ erred in evaluating the mental health opinion evidence.  Plaintiff's argument primarily focuses on the ALJ's evaluation of the January 2024 consultative opinion of Joyce Austin, PMHNP-BC.  ECF No. 11 at 9-11.  Plaintiff also refers to the opinions of Thomas Genthe, Ph.D., and Jennifer Schultz, Ph.D., but Plaintiff does not meaningfully challenge the ALJ's reasons for finding those opinions unpersuasive or only partially persuasive.  *Id*. at 11-14.

ORDER - 11

*1. Ms. Austin*

Ms. Austin examined Plaintiff on January 27, 2024.  Tr. 1247-55.  Ms. Austin opined Plaintiff could persist at following instructions, sustain concentration, persist at work-like activities at a reasonable pace, interact effectively, and deal with normal pressures.  Tr. 1255.  The ALJ found Ms. Austin's opinion persuasive because it was consistent with her examination findings and with other evidence discussed earlier in the decision.  Tr. 28.

Plaintiff first argues the ALJ's assessment of Ms. Austin's opinion was flawed because Ms. Austin was unable to confirm diagnoses of PTSD and ADHD, while the ALJ found both conditions severe at step two.  ECF No. 11 at 10; *compare* Tr. 19, *with* Tr. 1254.  But Plaintiff has not shown reversible error on this basis.  A diagnosis, standing alone, does not establish functional limitations.  The relevant question under the regulations is not whether Ms. Austin confirmed every diagnosis the ALJ found severe, but whether the ALJ reasonably evaluated the supportability and consistency of Ms. Austin's functional assessment.  *See* C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2), 416.920c(b)(2), (c)(1)-(2); *Woods*, 32 F.4th at 791-92.  Plaintiff does not explain how Ms. Austin's inability to confirm particular diagnoses required the ALJ to reject her functional findings, particularly where the ALJ accepted those impairments as severe and assessed mental limitations.

Plaintiff next challenges the ALJ's reliance on Ms. Austin's opinion, arguing

ORDER - 12

Ms. Austin's notation of probable malingering or factitious disorder rendered the opinion unsupported.  ECF No. 11 at 10-11; *see* Tr. 1254 ("Was there any evidence of malingering or factitious disorder?  Probable.").  Plaintiff emphasizes that no other provider made a similar observation and argues Ms. Austin did not adequately explain the basis for that statement.  But the ALJ did not find that Plaintiff was malingering.  Nor did the ALJ use malingering as a basis to dispense with the ordinary analysis of Plaintiff's symptoms.  Tr. 22-23; *see, e.g., Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

Plaintiff also challenges Ms. Austin's use of score ranges on the PHQ-9 and GAD-7.  ECF No. 11 at 11; *see* Tr. 1253-54 (noting PHQ-9 as "Score 15-19 moderately severe" and GAD-7 as "Score 5-9 mild anxiety").  Plaintiff asserts the raw scores produced totals of 18 and 9, respectively, and that Ms. Austin did not explain why she reported the results as ranges.  However, this argument does not show harmful error.  Even assuming Ms. Austin could have reported the precise numerical scores, Plaintiff does not show that the use of severity ranges undermined Ms. Austin's clinical observations or functional conclusions.  Nor does Plaintiff identify any additional limitation that the ALJ was required to include based on the precise scores, as opposed to the category in which those scores fell.  The alleged scoring issue therefore does not demonstrate that the ALJ's evaluation of Ms. Austin's opinion lacked substantial evidence.

ORDER - 13

### 2. Dr. Genthe and Dr. Schultz

Plaintiff also briefly refers to the opinions of Dr. Genthe and Dr. Schultz, but Plaintiff does not meaningfully challenge the ALJ's stated supportability and consistency findings. Instead, Plaintiff largely argues that those opinions were consistent with each other and with Plaintiff's and her mother's reports.  That is not enough to establish reversible error.  Plaintiff bears the burden of showing the ALJ harmfully erred.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). Because Plaintiff does not directly address and challenge the ALJ's reasons for discounting Dr. Genthe's opinion or partially crediting Dr. Schultz's opinion, Plaintiff has not shown harmful error in the ALJ's evaluation of those opinions.

**B. Step Five**

Plaintiff argues the ALJ erred at step five because the finding "is based on an incomplete hypothetical" posed to the vocational expert.  ECF No. 11 at 14. This argument is foreclosed because, as discussed above, the ALJ properly evaluated the medical evidence.  This restatement of Plaintiff's argument fails to establish error at step five.  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

ORDER - 14

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

2. Plaintiff's Brief, **ECF No. 11**, is **DENIED**.

3. Defendant's Brief, **ECF No. 13**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED June 15, 2026.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 15